UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In re: KEVIN E. SWEET
DIANE SWEET
Debtors

CA 05-119 ML

# TRUSTEE'S BRIEF REGARDING APPEAL OF "MOTION FOR CORRECTIVE ORDER"

John Boyajian, Trustee
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, RI 02906
Tel:(401) 273-9600
Fax:(401) 273-9605

# TABLE OF CONTENTS


TABLE OF AUTHORITIES . . . . . . . . . . . . . . ii

STATEMENT OF ISSUES . . . . . . . . . . . . . . 1

STATEMENT OF CASE . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . 11

CERTIFICATION . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

**Cases:**

In re Fleury, 294 B.R. 1 (Bankr.D.Mass. 2003) . . . 8, 9
(aff'd as moot) 306 B.R. 722 (1st Cir. B.A.P. 2004)

In re Pettey, 288 B.R. 14 (Bankr.D.Mass. 2003) . . . 8, 9

**Statutes:**

11 U.S.C. §105 . . . . . . . . . . . . . . . . . 8

11 U.S.C. §341 . . . . . . . . . . . . . . . . . 3

11 U.S.C. §362(a) . . . . . . . . . . . . . . . . . 9

**Other Authorities:**

RILBR 3015-3(e) . . . . . . . . . . . . . . . . . . 4

Keith M. Lundin, *Chapter 13 Bankruptcy*, 3d ed. . . . . 8
§337.1, *et seq* (2000 and Supp. 2004)

*10 Collier on Bankruptcy*, ¶800.05 . . . . . . . . . . . . . 8

STATEMENT OF ISSUES

The Statement of Issues as framed by the debtor is as follows:

1. Trustees [sic] statements as to the dismissals of his [sic] prior petitions;

2. The accusations of the debtor abusing the bankruptcy process; and

3. Violation of barring the debtor and his wife.

## STATEMENT OF THE CASE

This appeal involves a Chapter 13 proceeding commenced by Kevin E. Sweet, Sr. and Diane D. Sweet, a/k/a Diane D. Loranger, in the Bankruptcy Court on June 24, 2004.[1] Mr. and Mrs. Sweet, at the time, were represented by Edward Lawson, Esq. Mr. Sweet had been prohibited from filing a further bankruptcy case without prior Court permission by an order entered in a previous case (BK-02-14644).[2] The June 24, 2004 filing was permitted by the Bankruptcy Court as a consequence of a June 15, 2004 motion

---

[1] The case number for the filing from which this appeal was taken is BK-04-12083. Previous filings by either of these debtors include the following:

- BK-04-10582 (Diane Loranger, a/k/a Diane Sweet) filed 2/27/04 and dismissed 3/18/04;
- BK-02-11462 (Diane Loranger, a/k/a Diane Sweet) filed 4/17/02 and dismissed 5/24/02;
- BK-02-14644 (Kevin E. Sweet) filed 12/13/02 and dismissed 5/24/02;
- BK-01-13089 (Kevin E. Sweet) filed 8/8/01 and dismissed 10/28/02;
- BK-01-11455 (Diane Sweet, a/k/a Diane Loranger) filed 4/11/01 and dismissed 5/14/01;
- BK-00-10311 (Kevin E. Sweet) filed 2/2/00 and dismissed 10/10/00;
- BK-98-14914 (Kevin E. Sweet) filed 12/1/98 and dismissed 4/15/99;
- BK-98-12307 (Kevin E. Sweet) filed 6/2/98 and dismissed 9/25/98;
- BK-97-13624 (Kevin E. Sweet) filed 8/28/97 and dismissed 2/24/98; and
- BK-93-12884 (Kevin E. Sweet) filed 11/12/93 and discharged 2/15/94.

[2] BK-02-14644, Docket Entry No. 117, Entry of August 29, 2003.

filed in Mr. Sweet's previously dismissed Chapter 13[3]. The Standing Chapter 13 Trustee for the State of Rhode Island was appointed as trustee[4], and a creditors' meeting pursuant to 11 U.S.C. §341 was held on July 23, 2004.[5] The Trustee filed an objection to the confirmation of the plan[6]. An objection to confirmation was also filed by Mortgage Electronic Registration Systems, Inc., a creditor in the proceeding.[7] An amended Chapter 13 Plan was filed by the debtors on July 28, 2004.[8]

On August 2, 2004, the debtors filed a Second Amended Chapter 13 Plan[9], and a hearing on that Plan was held on August 5, 2004. The Court denied confirmation of the Plan and gave the

---

[3] BK-02-14644, Docket Entry, No. 178 (June 15, 2004) and Hearing Entry of June 23, 2004.

[4] BK-04-12083, Docket Report, No. 5, Entry of June 25, 2004. No objection, as had been made in earlier cases, was made to the Standing Trustee serving as trustee in this Chapter 13 case. Compare BK-02-11462, docket entry no. 18 (6/25/02); BK-02-14644, docket entry no. 4 (12/17/02); BK-01-13089, docket entry no. 5 (8/10/01); BK-01-11455, docket entry no. 4 (4/26/01); BK-00-10311, docket entry no. 8 (2/17/00); BK-98-14914, docket entry no 5. (12/17/98); BK-98-12307, docket entry no. 5 (6/9/98); and BK-97-13624, docket entry no. 4 (9/12/97). While Mr. Sweet argues in his brief about "conflicts" with the trustee, since no objection was ever made **in this case** regarding the trustee's appointment despite ample opportunity to do so, the point is not discussed further here.

[5] BK-04-12083, Docket Entry, Hearing held on July 23, 2004.

[6] BK-04-12083, Docket Entry No. 12, Entry of July 26, 2004.

[7] BK-04-12083, Docket Entry No. 21, Entry of July 29, 2004.

[8] BK-04-12083, Docket Entry No. 13, Entry of July 28, 2004.

[9] BK-04-12083, Docket Entry No. 33, Entry of August 2, 2004.

debtors an additional twenty (20) days for submission of an Amended Plan.[10] An Order was entered on August 5, 2004.[11] No Plan was filed within the twenty-day period as authorized by the Court. The Court entered an Order dismissing the case for failure to file the Amended Plan.[12]

The debtors subsequently filed a Motion for Reconsideration and/or a Motion to Vacate[13] as well as an Amended Chapter 13 Plan.[14] After a hearing, the Court granted the Motion for Reconsideration[15], and entered an Order to that effect.[16]

The Court held a hearing on the Amended Chapter 13 Plan on November 4, 2004[17] and continued the matter for further hearing until November 10, 2004. At the November 4 hearing, the Court noted that it would be *sua sponte* reconsidering its previous order granting the motion to vacate dismissal.[18]

---

[10] BK-04-12083, Docket Entry, Hearing held August 5, 2004. The period of twenty days allowed by the Court was an extended period of time. The Local Bankruptcy Rules provide for the filing of an amended plan within eleven days after entry of an order denying confirmation without additional time authorized by the Court. *See* RILBR 3015-3(e).

[11] BK-04-12083, Docket Entry No. 40, Entry of August 5, 2004.

[12] BK-04-12083, Docket Entry No. 45, Entry of August 27, 2004.

[13] BK-04-12083, Docket Entry No. 49, Entry of August 30, 2004.

[14] BK-04-12083, Docket Entry No. 52, Entry of September 2, 2004.

[15] BK-04-12083, Docket Entry, Hearing held on October 20, 2004.

[16] BK-04-12083, Docket Entry No. 61, Entry of October 20, 2004.

[17] BK-04-12083, Docket Entry No. 68, Entry of November 4, 2004.

[18] BK-04-12083, Docket Entry No. 68, Entry of November 4, 2004.

The November 10, 2004 hearing was held and subsequently continued for further hearing until January 5, 2005. The *sua sponte* reconsideration of the matter of the vacation of the dismissal order was again noted.[19]

The January 5, 2005 hearing was rescheduled by the Court until January 12, 2005.[20] At that hearing, the Court heard testimony and continued the matter until January 20, 2005.[21]

On January 20, 2005, the Court again heard statements from the parties and continued the matter until January 26, 2005.[22] The Court heard argument on January 26, 2005, and according to the notes in the docket, "The court re-instated dismissal acting on its sua sponte motion."[23] An Order was subsequently submitted to the Court[24] and entered by the Court on February 10, 2005.[25] That Order provided that neither Mr. Sweet nor Mrs. Sweet could file a bankruptcy case without first obtaining permission of the Bankruptcy Court. It should be noted that although according to the docket entries, Ms. Sweet did not appear or testify at any

---

[19] BK-04-12083, Docket Entry No. 70, Entry of November 10, 2004.

[20] BK-04-12083, Docket Entry No. 72, Entry of December 7, 2004.

[21] BK-04-12083, Docket Entry No. 74, Entry of January 12, 2005.

[22] BK-04-12083, Docket Entry No. 76, Entry of January 20, 2005.

[23] BK-04-12083, Docket Entry, Hearing held on January 26, 2005.

[24] BK-04-12083, Docket Entry No. 78, Entry of January 27, 2005.

[25] BK-04-12083, Docket Entry No. 79, Entry of February 10, 2005.

of these hearings, she was represented by Mr. Lawson who was present at all hearings.[26]

Mr. Sweet filed a Motion for Corrective Order[27] arguing that the Order issued by the Bankruptcy Court should apply solely to him and not Ms. Sweet.[28] In an Order Denying Debtors' Motion for Corrective Order dated March 9, 2005,[29] the Bankruptcy Court held that its previously issued Order applied to both Mr. and Mrs. Sweet. This appeal ensued.

---

[26] BK-04-12083, Docket Entry on hearings held November 4, 2004, November 10, 2004, January 12, 2005, January 20, 2005, and January 26, 2005.

[27] BK-04-12083, Docket Entry No. 83, Entry of February 18, 2005.

[28] The motion was filed by Mr. Sweet and not by his counsel, Mr. Lawson.

[29] BK-04-12083, Docket Entry No. 85, Entry of March 9, 2005.

## SUMMARY OF THE ARGUMENT

The Bankruptcy Court prohibited both the debtor and his wife from filing further bankruptcy petitions without the prior permission of the Bankruptcy Court, and the Court had both the authority and the factual basis to do so.

Neither Kevin Sweet nor Diane Sweet was denied their due process rights in the Bankruptcy Court.

ARGUMENT

1. *The Bankruptcy Court had the authority to bar the debtor, Diane Sweet, from filing a further bankruptcy petition without prior permission of the Court.*

The brief filed by the debtor appears to acknowledge that the Bankruptcy Court was within its authority to reinstate its prior order and bar him from filing a further bankruptcy petition without the prior permission of the Court. The debtor seems only to argue that the Court was wrong in barring Diane Sweet, the debtor's wife and co-debtor, from filing a further petition without prior permission of the Court.[30]

Regardless of whether or not there was a prior Order which barred Diane Sweet from filing a further bankruptcy petition without the prior permission of the Bankruptcy Court,

> "… courts now recognize that a court's *sua sponte* dismissal is permitted through the 1986 amendments of 11 U.S.C. §105."

In re Fleury, 294 B.R. 1, 5 (Bankr.D.Mass. 2003) (aff'd as moot) 306 B.R. 722 (1st Cir. B.A.P. 2004). *See also* Keith M. Lundin, *Chapter 13 Bankruptcy*, 3d ed. §337.1, *et seq* (2000 and Supp. 2004). Courts have exercised the right to bar debtors from future filings in the case of repeated or abusive filings which abuse remedies provided by the Bankruptcy Code. In re Pettey,

[30] There is an obvious question of Mr. Sweet's authority to appeal an order directed at Ms. Sweet and entered when she was represented by counsel. Nevertheless, the petition was a joint petition with Ms. Sweet, and the Bankruptcy Court had the authority to issue the order questioned. *See generally 10 Collier on Bankruptcy*, ¶800.05.

288 B.R. 14, 21 (Bankr.D.Mass. 2003) ("The Court instead will bar the Debtor from a further bankruptcy filing under any Chapter of the Bankruptcy Code for a period of three years from the date of this order.") It has been stated that

> … the totality of circumstances test is now the appropriate test to determine a debtor's lack of good faith, or bad faith, in this Circuit.

In re Fleury, *supra*, 294 B.R. at 6. One of the factors to be taken into consideration in determining a lack of good faith is the debtor's history of filings and dismissals of other bankruptcy proceedings. In re Fleury, *supra*, 294 B.R. at 6.

In this case, the debtors have had a total of ten bankruptcy filings, almost all of which have resulted in dismissal.[31] The Bankruptcy Judge was well within his authority in barring both debtors from future filings without the prior permission of the Bankruptcy Court.

It should be noted that the Bankruptcy Court, in an exercise of its discretion, did not bar the debtors from future filings but simply ruled that prior to being able to file a case which would result in the **automatic** stay of foreclosure and other collection procedures, 11 U.S.C. §362(a), the debtors seek the prior permission of the Bankruptcy Court prior to any such

[31] *See* fn3, *supra*.

filing and the attendant automatic stay of collection or foreclosure proceedings.

Mr. and Mrs. Sweet were both given fair prior notice of the fact that the Court would be considering, *sua sponte*, its previous orders regarding allowing the bankruptcy filing.[32] The Court was well within its discretion in prohibiting future filings absent its prior authorization.

[32] *See* fns. 18, 19, 20, 21 and 22.

## CONCLUSION

For the reasons set forth above, the trustee requests that this Court deny the relief sought by the debtor and dismiss the within appeal.

John Boyajian, Trustee
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, RI 02906
Tel:(401) 273-9600
Fax:(401) 273-9605

## CERTIFICATION

I hereby certify that a copy of the within Trustee's Brief was mailed, postage prepaid, to Kevin Sweet, 179 Sandy Brook Rd., Harmony, RI 02829; Diane Sweet, 179 Sandy Brook Rd., Harmony, RI 02829, Office of the US Trustee, 10 Dorrance St., Providence, RI 02903; Edward Lawson, Esq., 260 Lonsdale Ave., Pawtucket, RI 02860 on September 29, 2005.