UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE: KEVIN E. SWEET
DIANE D. SWEET

C. A. NO. 05-119 ML

# RESPONSE TO THE CHAPTER 13 TRUSTEE'S SUMMARY OF CASES AND CONCLUSION

## I. Facts

Kevin Sweet filed the following bankruptcy petitions:

- 93-12884 (11/12/93), Chapter 7 which discharged the debtor of his debts on 2/15/94.
- 97-13624 (8/28/97), Chapter 13 dismissed on 2/24/98 for failure to convert to a Chapter 11.
- 98-12307 (6/2/98), Chapter 13 dismissed on 9/25/98 for failure to file an amended plan.
- 98-14914 (12/1/98), Chapter 13 dismissed on 4/15/99 upon request of debtor after given choice of dismissal or conversion to a Chapter 11.
- 00-10311 (2/2/00), Chapter 13 dismissed on 7/5/00 per consent order after debtor elected not to convert to a Chapter 11.
- 01-13089 (8/8/01), Chapter 13 dismissed on 8/29/03 upon motion of trustee after hearing. Appeal filed with District Court on 9/5/03 dismissed on 1/16/04.
- 04-12083 (6/24/04), Chapter 13 jointly filed with Diane Sweet (a/k/a Loranger) dismissed 2/10/05 after hearings on1/12/05, 1/20/05 and on 1/26/05 regarding reconsideration of dismissal, filing and consideration of an amended plan, responding to why an objection to the IRS proof of claim had not been filed (by agreement with the IRS agent to allow debtor time to file additional documentation with the IRS for their evaluation, IRS agent testified at that time that there were no anticipated changes in their proof of claim).
  2/10/05 - Dismissal order entered barring both Kevin Sweet and Diane Sweet from filing any further bankruptcy petitions with the bankruptcy

court without further permission of the court.
3/9/05 - Order entered denying debtors' motion for reconsideration barring both debtors from filing without permission of the Bankruptcy Court.
3/21/05 - This matter appealed to the District Court by the debtors on the basis that the transcript of the original hearing on the matter is silent regarding the barring of Diane Sweet from filing.

Diane Sweet (a/k/a Loranger) filed the following bankruptcy petitions:

- 01-11455 (4/11/01), Chapter 13 dismissed on 5/14/01 for failure to file missing documents.

- 02-11462 (4/17/02), Chapter 13 filed by Diane Loranger (a/k/a Sweet) and, after several motions filed to extend time to file documents and a plan or to make plan payment(s), the matter was converted to a Chapter 7 and dismissed on motion of Trustee after debtor's failure to appear at a 341 hearing.

- 04-12083 (6/24/04), Chapter 13 jointly filed with Diane Sweet (a/k/a Loranger) of which is the subject of this appeal.

## II. Argument

The sole issue is whether the bankruptcy court should have barred Diane Sweet from any further filings as set forth in its order dated 2/10/05 and its 3/9/05 order denying debtors' motion for reconsideration.

Diane Sweet filed three bankruptcy petitions from 2001 to 2004. Although married, they are separate debtors and their circumstances should be evaluated separately. It is not an unheard of nor unreasonable for a debtor to file a petition on three different occasions without penalty or censure. In this instance, Ms. Sweet is being tied in with her husband's filings as if they were her own.

The court in In re Huerta recognizes that there is no sanctioned rules of determining serial filings. 137 B.R. 356, 368 (1992). However, the non-exclusive factors the Huerte court notes citing In re Schuldies include the time in between prior cases and the present one as well

as efforts to comply with the prior cases. In re Huerta, 137 B.R. 356, 368 (1992); In re Schuldies, 122 Bankr. 100, 102, (D.S.D. 1990). It was over a year from the first to the second filing and over two years until the third filing, more than the one hundred and eighty (180) bar days the Court provides.

A "bona fide change in circumstances is precisely what the bankruptcy judge should examine to determine whether successive filings are proper." In re Metz, 820 F. 2d 1495, 1498 (9th Cir. 1987). An examination of the docket and in particular, the creditors matrix and proof of claim would indicate that there are different circumstances in each of the three filings.

Accordingly, it is respectfully requested that this court reverse the order of the bankruptcy court and order that Diane Sweet not be barred from filing any further bankruptcy petitions and for such other relief as this court deems fair.

For Diane D. Sweet,
by her attorney:

Edward G. Lawson #0517
260 Lonsdale Avenue
Pawtucket, RI 02860
401 725 1810
401 725 2244 fax

**Certification**

I certify that I mailed a copy of the within to the US Trustee, 10 Dorrance Street, Providence, RI 02903 and to John Boyajian, the Chapter 13 trustee, 182 Waterman Street, Providence, RI 02906 on the 13th day of January 2006.