UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In re: Kevin E. Sweet and
Diane D. Sweet

Debtors

C.A. No. 05-119ML

## MEMORANDUM AND ORDER

This matter is before this Court pursuant to Diane D. Sweet's ("Mrs. Sweet") appeal of the bankruptcy court's denial of a motion for a "corrective order." For the reasons set forth below, Mrs. Sweet's appeal is DISMISSED.

This appeal was originally filed, pro se, by Kevin E. Sweet, ("Mr. Sweet"), Mrs. Sweet's husband and joint petitioner. Mr. Sweet attempted to file the appeal in this Court on behalf of himself and his wife. The sole issue raised in this appeal is whether the bankruptcy court erred in ordering that Mrs. Sweet was required to obtain prior bankruptcy court approval before filing future bankruptcy petitions.

This Court heard oral argument on the appeal on November 21, 2005. At oral argument, Mr. and Mrs. Sweet were represented by counsel. Mr. Sweet was present at the oral argument but Mrs. Sweet[1] was not. At oral argument, counsel for Mr. and Mrs. Sweet agreed that Mr. Sweet was not a proper party to the appeal. Consequently, the Court dismissed Mr. Sweet as a

[1] The Court noticed both Mr. and Mrs. Sweet.

party. The Court informed counsel for Mrs. Sweet that because the appeal was filed pro se, the Court had several concerns regarding whether the appeal was properly before the Court and whether the Court had a complete record from the bankruptcy court. The Court ordered counsel for Mrs. Sweet to confer with her to determine whether she wished to pursue the appeal. Counsel for Mrs. Sweet requested that if Mrs. Sweet chose to pursue the appeal that he be allowed to supplement the record. The Court granted counsel's request The Court also granted the Trustee two weeks to respond to any supplemental filing made by Mrs. Sweet. The Court also requested that the Trustee file a chronology of the previous bankruptcy petitions (individual or joint) filed by Mr. and Mrs. Sweet.

On December 7, 2005, Mrs. Sweet filed a notice to continue the appeal. On December 9, 2005, the Trustee filed a summary of the bankruptcy case history of Mr. and Mrs. Sweet. On January 13, 2006, Mrs. Sweet filed a three page document titled "[r]esponse to the Chapter 13 Trustee's Summary of Cases and Conclusion." In this document, Mrs. Sweet identifies the "sole issue" of the appeal as "whether the bankruptcy court should have barred [her] from any further filings . . . ."

In a bankruptcy appeal, a district court accepts a bankruptcy court's fact findings unless they are clearly erroneous but reviews rulings of law de novo. In re LaRoche, 969 F.2d 1299 (1st Cir. 1992).

The Court has reviewed Mrs. Sweet's response. It appears the essence of her argument is that her bankruptcy history is separate from that of her husband and their circumstances should be evaluated separately. It seems that Mrs. Sweet is arguing that she is being penalized for her husband's behavior. Mrs. Sweet appears to argue that there are "different circumstances" in her

bankruptcy filings but does not specifically note what those circumstances are or their significance to the issue now before this Court. Mrs. Sweet does not object to any the bankruptcy court's fact findings.

The Trustee provided this Court with a summary of bankruptcy cases filed by Mr. and Mrs. Sweet. Not including the matter which gave rise to this appeal, the Court notes that since 1993, Mr. Sweet has filed seven bankruptcy petitions, six of which were dismissed and one case that was actually discharged. The six cases that were dismissed were dismissed because of Mr. Sweet's "repeated failure to perform as promised . . . ." Order Denying Debtors' Motion for Corrective Order, No. 04-12083, slip op. at 1 (Bank. D.R.I. March 9, 2005). Mrs. Sweet has filed three previous petitions since 2001. These petitions were dismissed as a result of Mrs. Sweet's "failure to comply with [her] duties under the Code." Id. at n.2. The bankruptcy court found that Mr. Sweet was "clearly the architect of his wife's . . . failed cases." Id. at 2. In the bankruptcy matter giving rise to this appeal the Sweets were given "more than ample opportunity to perform, but each time the [c]ourt set a deadline or extended deadlines for their benefit, they defaulted on their representations which . . . all proved to be false." Id. The bankruptcy court concluded that the Sweet's serial filings constituted "an intentional abuse of the bankruptcy process, and an embarrassment to [the bankruptcy court] for permitting it to happen." Id. As a result, the bankruptcy court barred any future bankruptcy filings by Mrs. Sweet without the permission of the bankruptcy court. Id.

This Court has reviewed Mrs. Sweet's arguments in her response and the bankruptcy court's order denying the motion for a corrective order and concludes that the bankruptcy court

did not err in ordering that Mrs. Sweet obtain permission of the bankruptcy court before any future filings. The bankruptcy court properly exercised its discretion in fashioning an order to prevent abuses of the protections afforded by the filing of a bankruptcy petition.

Accordingly, Mrs. Sweet's appeal is DISMISSED and the decision of the bankruptcy court is AFFIRMED.

Mary M. Lisi
United States District Judge
January 30, 2006